FILED

2026 Jul-02  PM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **BOBBY J. THOMAS, II,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-1385-ACA-** |
| | ) | **GMB** |
| **PEGGY LACHER, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

Petitioner Bobby J. Thomas, II filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and filed a host of non-dispositive motions. (Docs. 1, 3, 7, 8, 9, 11). The magistrate judge entered a report recommending that the court dismiss the petition for lack of jurisdiction and deny the pending motions as moot. (Doc. 14). Mr. Thomas objected to the report and recommendation. (Doc. 16).[1]

Mr. Thomas admits that he is "no longer physically confined." (*Id.* at 2). But he argues that his petition and motions are not moot because he faces the non-speculative threat of renewed incarceration based on enforcement of a contempt order. (*Id.* at 2–5). The court agrees with the magistrate judge that these allegations

---

[1] Mr. Thomas filed a "supplemental brief and notice of newly developed evidence in support of petition" on the same day the magistrate judge entered his report and recommendation. (Doc. 15). This brief either repeats the same arguments as those in his objections or attempts to introduce new information into the record that is irrelevant to the issues in the petition. Accordingly, the court will address Mr. Thomas's objections only. (Doc. 16).

do not constitute a real and concrete consequence of his August 2025 incarceration, especially given the fact that he was released in September 2025 and has not been detained again for contempt. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (holding that despite "appellant's assertion that her incarceration for contempt is a virtual certainty, the existence of the possibility that appellant will be found in contempt and incarcerated for willful failure to pay the fine does not change the result" that she is not in custody). Accordingly, the case is moot. And because the court lacks jurisdiction over the petition, Mr. Thomas's pending motions are also moot. The court **OVERRULES** Mr. Thomas's objections.

After careful consideration of the entire record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **WILL DENY** the writ of habeas corpus for lack of jurisdiction. (Docs. 1, 3). The court also **WILL DENY** the pending motions as **MOOT**. (Docs. 7, 8, 9, 11)

The court will enter a final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 2, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

2